

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| CRYSTAL ANDERSON,      §<br>     Plaintiff,      §<br> §<br>vs.      §   CIVIL ACTION NO. 3:21-2264-MGL-PJG<br> §<br> §<br> §<br>SOUTHERN FINANCE OF SOUTH      §<br>CAROLINA, INC.,      §<br>     Defendant.      § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION,
AND DISMISSING THIS ACTION WITHOUT PREJUDICE**

Plaintiff Crystal Anderson (Anderon) filed this action against Defendant Southern Finance of South Carolina, Inc., (Southern Finance) complaining of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692. Anderson is representing herself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting: (1) Southern Finance's motion to compel arbitration be granted, (2) Anderson's motions for summary judgment and to dismiss Southern Finance's motion to compel arbitration be denied, and (3) this action be dismissed without prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 15, 2021, Anderson filed her objections on October 29, 2021, and Southern Finance filed its reply on November 10, 2021. The Court has carefully considered the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

This Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews the Report and Recommendation only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.") (citation omitted).

Here, Anderson has failed to present any specific objections to the Report. The gist of most of her objections is that Southern Finance has neglected to respond to her evidence, she has a good case against Southern Finance, and the Court ought to allow her case to proceed here. She also makes conclusory allegations of, among other things, violations of the First, Fourth, and Seventh

Amendments and fraud and unconscionability concerning the arbitration agreement. In addition, she unconvincingly maintains she was unaware of the validity of the arbitration requirement.

But, inasmuch as Anderson neglects to make any specific objections, and the Court has found no clear error, it need not make a de novo review of the record before overruling Anderson's objections and accepting the Magistrate Judge's recommendation.

Further, inasmuch as the Magistrate Judge warned Anderson of the consequences of failing to file specific objections, Report at 9, she has waived appellate review. *See Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505, 508-09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Anderson's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that (1) Defendants' motion to compel arbitration is **GRANTED**, (2) Anderson's motions for summary judgment and to dismiss Southern Finance's motion to compel are **DENIED**, and (3) this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 18th day of November, 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE